(95 Misc. Rep. 723)

GREEN v. LAMPMAN et al.

(Supreme Court, Trial Term, Greene County.   June, 1916.)

1. PARTITION ⬉23—ACTIONS FOR PARTITION—DISMISSAL.
    Under Code Civ. Proc. § 1533, providing that, if it appear that partition or sale of realty cannot be had without prejudice to the owners, the complaint must be dismissed, a widow entitled to dower is entitled to dismissal of a complaint for partition, where the testimony shows that there can be no partition without great prejudice to the owners.

    [Ed. Note.—For other cases, see Partition, Cent. Dig. § 76; Dec. Dig. ⬉23.]

2. PARTITION ⬉114(2)—ACTIONS FOR PARTITION—COSTS.
    Under Real Property Law (Laws 1909, c. 52 [Consol. Laws, c. 50]) § 190, giving a widow dower in a third part of the lands whereof her husband was seised of an estate of inheritance at any time during marriage, where a widow occupied the entire property since her husband's death, and long after the widow's quarantine expired, she is not entitled to costs on dismissal on her motion of a complaint by another for partition.

    [Ed. Note.—For other cases, see Partition, Cent. Dig. § 445; Dec. Dig. ⬉114(2).]

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Cora F. Green against George A. Lampman and others for partition. Complaint dismissed, without costs.

J. L. Patrie, of Catskill, for plaintiff.
Daniel H. Daley, of Coxsackie, for defendant, Ida M. Crusan.

CHESTER, J. [1] The action is brought for the partition of certain lands of which George B. Lampman died seised and possessed. He died intestate in March, 1905, leaving the plaintiff and a brother and sister of hers as the only heirs at law of such deceased, and also leaving Ida M. Crusan, his widow, who since his death has remarried the defendant John H. Crusan. The widow moves for a dismissal of the complaint, with costs, under section 1533 of the Code of Civil Procedure; she having refused to give her consent to a sale of the premises. The premises consist of a single family dwelling house, about 12½ acres of land, a small barn, a wagon shed, and a small carpenter shop, now used for a chicken house. Since the death of her husband, Mr. Lampman, she has been occupying the entire premises. Her only interest in the premises arises from her right of dower, and that, so far as appears, has not been admeasured or assigned. The testimony shows that there can be no partition of the property without great prejudice to the owners. The case seems to be, therefore, within the language of the section of the Code of Civil Procedure referred to which provides that in such a case the complaint should be dismissed.

[2] I think, however, that it should not be dismissed, with costs against the plaintiff, for the reason that the widow insisted upon the trial and in her answer that she had the right to the possession of the whole of the premises during her entire life, and the proof shows that she has occupied the same and the whole thereof ever since the death of her husband. A widow is endowed under the law with a *third* part only of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage. Real Prop. Law (Laws 1909, c. 52) § 190. She having occupied the entire property since her husband's death, and long after the widow's quarantine has expired, I think she is hardly equitably entitled to a bill of costs.

More than this, the plaintiff, as a tenant in common of a vested remainder in this property, had the right under such section 1533 to commence the action, subject to the interest of the widow as the holder of the particular estate therein, and subject to her right to object to a sale. Under such circumstances the plaintiff should not be charged with costs.

Complaint dismissed, without costs.